IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHELLE M. PATTERSON,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | Case No. 12-cv-2461 EFM/GLR |
| ] | |
| **SHARON LANE HEALTH SERVICES,** ] | |
| **LLC,** a Kansas Limited Liability Company, ] | |
| Serve: Harry G. Baum, Resident Agent ] | |
| 10315 Johnson Drive ] | |
| Shawnee, Kansas 66203 ] | |
| ] | |
| Defendant. ] | |

# COMPLAINT

COMES NOW Plaintiff Michelle M. Patterson (hereinafter "Plaintiff"), by and through counsel, and for her Complaint against Defendant Sharon Lane Health Services, LLC (hereinafter "Defendant") states and alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

COMES NOW Plaintiff, by and through counsel, and for her Allegations Common to All Counts of her Complaint, states and alleges as follows:

1. Plaintiff is, and at all times relevant herein has been, an individual residing in the State of Kansas.

2. Defendant is, and at all times relevant herein has been, a limited liability company organized under the laws of the State of Kansas engaged in the business of, among other things, operating a long-term and elder care residential facility in Shawnee, Johnson County, Kansas.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 inasmuch as Count I of Plaintiff's Complaint arises under the provisions of 42 U.S.C. Chapter 126 and pursuant to 28

U.S.C. §1367(a) inasmuch as Count II of Plaintiff's Complaint is so related to the claims set forth in Count I that they form part of the same case and controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and (c).

5. During the period April 15 2011 through April 26, 2011 Plaintiff was employed by Defendant as an activities assistant/certified nursing assistant at the long-term and elder care facility owned and operated by Defendant located at 10315 Johnson Drive, Shawnee, Johnson County, Kansas 66203.

6. On or about April 26, 2011, Plaintiff was terminated as an employee of Defendant.

7. At all times relevant herein Plaintiff was and remains legally blind, a condition which substantially limits Plaintiff's major life activities, Plaintiff has a record of having such an impairment, and Plaintiff is regarded as having such an impairment.

## COUNT I: VIOLATION OF AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. §12101 *et seq.*)

COMES NOW Plaintiff, by and through counsel, and for Count I of her Complaint, states and alleges as follows:

8. Plaintiff incorporates by this reference paragraphs 1 through 7 of her Allegations Common to Each Count as though more fully set forth herein.

9. That Defendant is an employer as defined in 42 U.S.C. §12111(5)(A) and therefore a covered entity bound by and subject to the provisions of the Americans With Disabilities Act.

10. That Plaintiff is a qualified individual with a disability protected by the provisions of the American With Disabilities Act as defined in 42 U.S.C. §12111(8).

11. That Plaintiff suffers from a physical impairment – blindness - that substantially limits her major life activities, Plaintiff has a record of such impairments, and Plaintiff is regarded as having such impairments by Defendant as set forth in Paragraph 7, above.

12. That on or about April 15, 2011, Plaintiff disclosed to Diane Bryant, a supervisory employee of Defendant, that she suffered from the physical impairment set forth in Paragraph 7, above.

13. That as part of her employment duties with Defendant, Plaintiff was required to enter information in residents' medical charts using a touch-screen computer system and to give residents manicures.

14. That Defendant, through its agents, servants and employees, criticized Plaintiff for taking too long to enter information into patients' charts and took too long in giving patients manicures.

15. That Plaintiff disclosed her difficulty in charting and doing manicures based on her disability and requested reasonable accommodations in performing these tasks from Defendant on several occasions by making such requests to Diane Bryant and another employee known to Plaintiff as "Cassie" in Defendant's business office.

16. That Defendant refused to make reasonable accommodations for Plaintiff's disability as requested by Plaintiff.

17. That Defendant terminated Plaintiff's employment on April 26, 2012 without cause but upon the pretextual basis that Plaintiff "was not a good fit for the job".

18. That Defendant discriminated against Plaintiff by firing Plaintiff because of her disability and by failing to make reasonable accommodations for Plaintiff to perform her job functions prior to firing Plaintiff, all in violation of 42 U.S.C. §12112.

19. That at the time Defendant fired Plaintiff, Defendant knew or should have known that said termination was unlawful.

20. That Defendant's firing of Plaintiff was intentional, willful, and practiced with malice or reckless indifference to the rights of Plaintiff as protected under federal law, and constituted willful and knowing violations of the Americans With Disabilities Act by Defendant.

21. That Plaintiff has been damaged by Defendant's actions in violation the Americans With Disabilities Act and has suffered and will continue to suffer monetary and pecuniary losses for both front pay and back pay, emotional pain and suffering, inconvenience and mental anguish.

22. That Plaintiff is entitled to an award of punitive damages from Defendant to punish Defendant for its knowing and intentional violation of the Americans With Disabilities Act and to deter Defendant and others similarly situated from engaging in like conduct in the future.

23. That Plaintiff is entitled to an award of her attorneys' fees and legal expenses from Defendant.

24. That Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and, after investigation, received a right-to-sue letter issued on April 23, 2012 (See **Exhibit A**, attached hereto and incorporated herein as though more fully set forth).

25. That Plaintiff has exhausted all administrative remedies prior to the commencement of this legal action.

WHEREFORE, Plaintiff prays the Court:

(a) ADJUDGE AND DECREE that Defendant has discriminated against Plaintiff on the basis of her disabilities, and that said actions by Defendant constituted violations of the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq.*;

(b) AWARD Plaintiff monetary damages from Defendant in an amount that will make Plaintiff whole for the loss of income and benefits she has suffered as a result of Defendant's employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, front pay, retirement plan benefits, Social Security contributions and all other monetary compensation, including prejudgment interest, for injury and damages suffered by Plaintiff;

(c) AWARD Plaintiff monetary damages from Defendant for compensation for the mental and physical pain, suffering, distress, pecuniary losses and other non-pecuniary losses

Plaintiff has suffered, and will continue to suffer, as a result of Defendant's unlawful employment practices;

(d) AWARD Plaintiff punitive damages from Defendant in such amount as to punish Defendant for Defendant's willful and malicious conduct in discriminating against Plaintiff because of her disability and to deter Defendant and others in Defendant's position from like conduct in the future;

(e) AWARD Plaintiff her costs and reasonable attorneys' fees incurred herein; and

(f) GRANT such additional affirmative relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF KANSAS ACT AGAINST DISCRIMINATION
### (K.S.A. §44-1001 *et seq.*)

COMES NOW Plaintiff, by and through counsel, and for Count II of her Complaint, states and alleges as follows:

26. Plaintiff incorporates by this reference paragraphs 1 through 7 of her Allegations Common to Each Count and paragraphs 8 through 25 of Count I of her Complaint as though more fully set forth herein.

27. That Defendant is an employer as defined in K.S.A. §44-1002(b) and therefore a covered entity bound by and subject to the provisions of the Kansas Act Against Discrimination.

28. That Plaintiff is a qualified individual with a disability protected by the provisions of the Kansas Act Against Discrimination as defined in K.S.A. §44-1002(j).

29. That Plaintiff suffers from a physical impairment – blindness - that substantially limits her major life activities, Plaintiff has a record of such impairments, and Plaintiff is regarded as having such impairments by Defendant as set forth in Paragraph 7, above.

30. That on or about April 15, 2011, Plaintiff disclosed to Diane Bryant, a supervisory employee of Defendant, that she suffered from the physical impairment set forth in Paragraph 7, above.

31. That as part of her employment duties with Defendant, Plaintiff was required to enter information in residents' medical charts using a touch-screen computer system and to give residents manicures.

32. That Defendant, through its agents, servants and employees, criticized Plaintiff for taking too long to enter information into patients' charts and took too long in giving patients manicures.

33. That Plaintiff disclosed her difficulty in charting and doing manicures based on her disability and requested reasonable accommodations in performing these tasks from Defendant on several occasions by making such requests to Diane Bryant and another employee known to Plaintiff as "Cassie" in Defendant's business office.

34. That Defendant refused to make reasonable accommodations for Plaintiff's disability as requested by Plaintiff.

35. That Defendant terminated Plaintiff's employment on April 26, 2012 without cause but upon the pretextual basis that Plaintiff "was not a good fit for the job".

36. That Defendant discriminated against Plaintiff by firing Plaintiff because of her disability and by failing to make reasonable accommodations for Plaintiff to perform her job functions prior to firing Plaintiff, all in violation of K.S.A. §44-1009.

37. That at the time Defendant fired Plaintiff, Defendant knew or should have known that said termination was unlawful.

38. That Defendant's firing of Plaintiff was intentional, willful, and practiced with malice or reckless indifference to the rights of Plaintiff as protected under Kansas law, and constituted willful and knowing violations of the Kansas Act Against Discrimination.

39. That Plaintiff has been damaged by Defendant's actions in violation the Kansas Act Against Discrimination and has suffered and will continue to suffer monetary and pecuniary losses for both front pay and back pay, emotional pain and suffering, inconvenience and mental anguish.

40. That Plaintiff is entitled to an award of punitive damages from Defendant to punish Defendant for its knowing and intentional violation of the Americans With Disabilities Act and to deter Defendant and others similarly situated from engaging in like conduct in the future.

41. That Plaintiff is entitled to an award of her attorneys' fees and legal expenses from Defendant.

42. That Plaintiff timely filed a Charge of Discrimination with the Kansas Human Rights Commission (see **Exhibit B**, attached hereto and incorporated herein as though more fully set forth).

43. That Plaintiff has exhausted all administrative remedies prior to the commencement of this legal action.

WHEREFORE, Plaintiff prays the Court:

(a) ADJUDGE AND DECREE that Defendant has discriminated against Plaintiff on the basis of his disabilities, and that said actions by Defendant constituted violations of the Kansas Act Against Discrimination, K.S.A. §44-1001 *et seq.*;

(b) AWARD Plaintiff monetary damages from Defendant in an amount that will make Plaintiff whole for the loss of income and benefits she has suffered as a result of Defendant's employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, front pay, retirement plan benefits, Social Security contributions and all other monetary compensation, including prejudgment interest, for injury and damages suffered by Plaintiff;

(c) AWARD Plaintiff monetary damages from Defendant for compensation for the mental and physical pain, suffering, distress, pecuniary losses and other non-pecuniary losses Plaintiff has suffered, and will continue to suffer, as a result of Defendant's unlawful employment practices;

(d) AWARD Plaintiff punitive damages from Defendant in such amount as to punish Defendant for Defendant's willful and malicious conduct in discriminating against Plaintiff because

of her disability and to deter Defendant and others in Defendant's position from like conduct in the future;

    (e)    AWARD Plaintiff her costs and reasonable attorneys' fees incurred herein; and

    (f)    GRANT such additional affirmative relief as the Court may deem just and proper.

Respectfully submitted,

**MONACO, SANDERS, GOTFREDSON, RACINE & BARBER, L.C.**

/s/ Aaron J. Racine
Aaron J. Racine    KS Bar #17948
1411 E. 104th Street, Suite 100
Kansas City, Missouri 64131
(816) 523-2400
(816) 942-0006 fax
ajracine@kcattorneys.net
ATTORNEY FOR PLAINTIFF